FILED
2015 May-29  PM 05:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# 1

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**58-CV-201**<br>Date of Filing:<br>04/24/2015 | ELECTRONICALLY FILED<br>4/24/2015 11:51 AM<br>58-CV-2015-900359.00<br>CIRCUIT COURT OF<br>SHELBY COUNTY, ALABAMA<br>MARY HARRIS, CLERK |

## GENERAL INFORMATION

### IN THE CIRCUIT OF SHELBY COUNTY, ALABAMA
### PATRICK OLIVER v. MONY LIFE INSURANCE COMPANY ET AL

**First Plaintiff:** ☐ Business ☑ Individual  **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other    ☐ Government ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☑ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP- Contempt of Court
☐ CONT- Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD- Eviction Appeal/Unlawfyul Detainer
☐ FORJ- Foreign Judgment
☐ FORF- Fruits of Crime Forfeiture
☐ MSHC- Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB- Protection From Abuse
☐ FELA- Railroad/Seaman (FELA)
☐ RPRO- Real Property
☐ WTEG- Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP- Workers' Compensation
☐ CVXX- Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ **INITIAL FILING**     A ☐ **APPEAL FROM DISTRICT COURT**     O ☐ **OTHER**

R ☐ **REMANDED**     T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT** _____

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

| **ATTORNEY CODE:**   DAN034 | 4/24/2015 11:51:08 AM | /s/ JEFF S DANIEL |

**MEDIATION REQUESTED:**   ☐ Yes ☐ No ☑ Undecided



ELECTRONICALLY FILED
4/24/2015 11:51 AM
58-CV-2015-900359.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| PATRICK OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| | ) | |
| MONY LIFE INSURANCE COMPANY, | ) | |
| DISABILITY MANAGEMENT | ) | |
| SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.    Plaintiff, PATRICK OLIVER [hereinafter referred to as "Plaintiff"], is over the age of nineteen (19) years and is a resident of Shelby County, Alabama.

2.    Defendant MONY LIFE INSURANCE COMPANY [hereinafter referred to as "MONY"] is a foreign insurance corporation doing business in the State of Alabama.  MONY serviced and issued Plaintiff's disability policy through its agent Stewart Benjamin.

3.    Defendant, DISABILITY MANAGEMENT SERVICES, INC. [hereinafter referred to as "DMSI"] is a foreign insurance corporation doing business in the State of Alabama.  DMSI serviced Plaintiff's disability policy, including policy claims service, during 2014 to date.   Upon review of the Alabama Secretary of State records, DMSI is not registered as a foreign entity to conduct business in Alabama.  Upon information and belief, DMSI maintains its principal place of business at 1350 Main Street, Springfield, Massachusetts 01103.

## FACTS

4.    Defendant MONY issued a Disability Income Policy to Plaintiff in consideration for the premiums paid by Plaintiff.

5.      Plaintiff purchased the policy as an individual policy.  The plain language of Plaintiff's policy does not use the word "group", or otherwise identify any federal law or regulation for the insurance policy.

6.      Plaintiff made timely, personal premium payments for the disability insurance policy. The most recent premium payment was made by Plaintiff on or about April 7, 2015, prior to filing this Complaint.

7.      Plaintiff suffers from disabling medical conditions and is unable to work due to his disability.

8.      Plaintiff suffered from debilitating pain in July 2013.  After receiving his initial medical treatment, Plaintiff contacted Defendant MONY in September 2013 to begin the claim.  On or about December 26, 2013, Plaintiff submitted his disability claim and attending physician's disability statement to MONY.

9.      On or about January 2, 2014, DMSI mailed to Plaintiff a letter acknowledging receipt of the attending physician's disability statement.

10.     In support of the disability insurance claim, Plaintiff's physicians confirmed to DMSI and MONY that Plaintiff is disabled.

11.     On or about April 2, 2014, Defendants DMSI and MONY confirmed Plaintiff's disability and paid a partial payment for the disability claim for the disability dates of September 2013 through November 2013.

12.     Defendants MONY and DMSI did not pay disability insurance benefits to Plaintiff after November 2013.

13.     On or about May 2, 2014, Plaintiff received a letter from DMSI, on behalf of MONY,

notifying Plaintiff that DMSI sought a "supplement" statement from Plaintiff's physician. DMSI stated in its letter that it sought "clarification" from Plaintiff's physician regarding the medical treatment Plaintiff received.

14.     On or about July 3, 2014, Defendants DMSI and MONY sent Plaintiff a claim letter approving a payment of the alleged full and total disability insurance benefits in the amount of $33,600.00, but conditioned the payment on Plaintiff accepting a lower claim value and signing a release of his legal claims against DMSI, MONY, "their directors, officers, employees and agents" from all claims.   Upon information and belief, the $33,600.00 calculation by Defendants is a reduction from the contract value.

15.     Following the Defendants' July 3, 2014 letter, Plaintiff continued to seek his full disability insurance benefits.

16.     Following the Defendants' July 3, 2014 letter, Defendants DMSI and MONY failed to pay the Plaintiff his monthly disability insurance benefits.

17.     On or about September 30, 2014, Defendants DMSI and MONY received a supplemental attending physician's statement.

18.     On October 16, 2014, Plaintiff received another letter from DMSI and MONY notifying Plaintiff that Plaintiff's medical records "have been referred to one of our Medical Consultants for review before we complete our evaluation of your claim."

19.     At the time of Defendants' October 16, 2014 letter, Defendants had not paid any further insurance benefits past November 2013.

20.     At the time of Defendants' October 16, 2014 letter, Plaintiff's health had not improved to become fully able-bodied, since the initial claim approval through December 2013.

−3−

21.    On December 11, 2014, Plaintiff received a letter from DMSI and MONY starting the entire claim process again and stating: "Thank you for contacting us to request claim forms for the purpose of filing a claim under your disability income policy" and further directing the Plaintiff to **"protect your coverage by continuing to pay all premiums on a timely basis.**" [emphasis in the letter].

22.    On December 12, 2014, DMSI and MONY mailed a letter to Plaintiff stating that "our Medical Consultant's most recent review of your medical records has been completed" and wanted to speak with Plaintiff's treating physician for "clarification" of Plaintiff's medical treatment.

23.    In the December 12, 2014 letter, Defendant DMSI stated that Defendants "have begun the process of locating" and doctor to perform an IME.  Defendant represented that "[w]e will contact you when we have further information regarding the status of the independent medical examination" ("IME").

24.    On January 20, 2015, Defendants DMSI and MONY sent Plaintiff a letter to schedule an IME exam many, many weeks later on March 2, 2015.

25.    On February 11, 2015, Defendants DMSI and MONY sent a letter to Plaintiff to "postpone" the IME by Defendants' selected doctor.  Defendants stated in the letter "we have resumed our pursuit of an IME provider in the Birmingham area and will contact you when an examination has been scheduled".

26.    On February 18, 2015, Plaintiff, through his counsel, asked the DMSI Claim Consultant if the IME had been rescheduled by DMSI.  The DMSI Claim Consultant replied: "No new date for the medical exam yet, we are currently following up with providers in the area."

27.    On March 10, 2015, Plaintiff's counsel sent yet another request to DMSI Claims

Consultant to schedule the IME, stating that Plaintiff Oliver "is extremely concerned about the length of time it is taking to process his claim."

28.    To date, Defendants DMSI and MONY have failed to pay Plaintiff's disability insurance claim beyond November 2013.

29.    On April 21, 2015, Defendants DMSI and MONY notified Plaintiff of an IME physician in Huntsville, Alabama for May 13, 2015 at a location more than 100 miles away from his home.  Defendant failed to schedule an IME with any of the many, many qualified and respected orthopedic doctors in Birmingham.

30.    To date, Plaintiff has continued to pay his monthly disability insurance premium through the most recent due date in April 2015.

## COUNT I
## FRAUD

31.    Plaintiff adopts and realleges the allegations and averments contained in paragraphs 1 through 30 as fully stated herein.

32.    Defendants MONY and DMSI  had a duty to truthfully represent the amount of benefits available to the Plaintiff for a disability.

33.    On October 16, 2014, DMSI and MONY represented to Plaintiff that DMSI and MONY had not completed the evaluation of Plaintiff's claim.  Defendants misrepresented this material fact, and had, in fact, previously approved Plaintiff's claim in April 2014 and July 2014.

34.    Defendants misrepresented the material facts of his claim benefits and/or eligibility for disability insurance benefits.

35.    Plaintiff relied on the misrepresentations to his detriment.  Said misrepresentations of material facts and fraud were committed negligently, recklessly and/or willfully or with the intent to

−5−

defraud and deceive Plaintiff.

36.     The named defendants and fictitious defendants committed said fraud by representing to Plaintiff that he would receive disability insurance coverage as a result of Plaintiff's inability to work.

37.     Defendant MONY accepted Plaintiff's premium payments for said insurance coverage. When Plaintiff made a claim on the policy of insurance, defendants, denied coverage and refused to pay the claim.

38.     Plaintiff discovered Defendants' fraud on or after his receipt of Defendant' July 3, 2014 letter from DMSI to the Plaintiff.

39.     As a proximate cause of the fraud and misrepresentations of Defendants MONY and DMSI Plaintiff has suffered damages. Plaintiff has not received disability benefits and has been without coverage under said policies of insurance. Plaintiff has suffered stress, anxiety, emotional and mental distress.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants MONY and DMSI, jointly and severally,  for compensatory and punitive damages in an amount to be determined by a jury, plus interest and cost.

## COUNT II
## SUPPRESSION OF MATERIAL FACTS

40.     Plaintiff adopts and incorporates by reference all of the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41.     Defendants MONY and DMSI  fraudulently suppressed and/or concealed material facts from Plaintiff concerning the claim review for his disability insurance coverage with Defendants in that they suppressed and/or concealed the facts that Plaintiffs' disability claims would

only be paid on a reduced value as identified by DMSI on or about July 3, 2014.

     42.     On October 16, 2014, DMSI and MONY represented to Plaintiff that DMSI and MONY had not completed the evaluation of Plaintiff's claim. Defendants failed to disclose and/or misrepresented this material fact, and had in fact previously approved Plaintiff's claim in April 2014 and July 2014.

     43.     Upon information and belief, each Defendant was privy to and/or had notice of the claim review process and reduced value claim practice of Defendants.

     44.     Defendants MONY and DMSI  had a duty to disclose these material facts of the Defendants' claim value reduction processes to the Plaintiff.

     45.     Plaintiff relied on said misrepresentations in that he continued to pay his monthly insurance premium up to and through April 2015. Plaintiff relied on the insurance for disability income to his detriment.

     46.     Plaintiff discovered Defendants' fraudulent suppression of material facts on or after July 3, 2014 upon receipt of Defendants' July 3, 2014 letter identifying a reduced value for Plaintiff's disability insurance claim.

     47.     Upon information and belief, Defendants DMSI and MONY have engaged in a pattern and practice of denying policyholder claims based solely on the opinion of its non-treating biased physician.

     48.     As a proximate result of Defendants' fraudulent suppression and/or concealment, Plaintiff was caused to be damaged by losing his disability insurance benefits, suffering stress, anxiety, emotional distress and foregoing the procurement of disability insurance elsewhere.

     WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants

DMSI and MONY, jointly and severally, in such sum as a jury may deem just and proper for compensatory and punitive damages, plus interest and cost of this proceeding.

## COUNT III
## BREACH OF CONTRACT

49.     Plaintiff realleges and incorporates by reference the foregoing paragraphs 1 through 48 and further avers as follows:

50.     Defendant MONY  entered into a contract to provide disability insurance to Plaintiff.

51.     Defendant MONY  has breached the disability contract by failing to perform and pay disability insurance benefits to the Plaintiff.

52.     As a direct and proximate consequence of MONY's breach of the disability contract, Plaintiff has been injured and damaged by losing his disability insurance benefits, suffering stress, anxiety, emotional distress and foregoing the procurement of insurance elsewhere.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against MONY for compensatory damages and punitive damages, in an amount a jury may find he is entitled, plus interest and costs.

## COUNT IV
## BAD FAITH FAILURE TO PAY INSURANCE

53.     Plaintiff adopts the allegations and averments of the foregoing paragraphs as if set forth fully herein.

54.     Defendant MONY and DMSI have, without just cause, failed and refused to pay Plaintiff's disability insurance benefits pursuant to the provisions of the policy issued to Plaintiff, although Plaintiff has made due demand therefore.  Plaintiff avers that Defendants' actions violate the common law of bad faith and/or *Ala. Code* § 27-12-24 (1975).

−8−

55.     Section 27-12-24 is a statute enacted specific to the insurance industry and is applied exclusively to contracts between insurance companies and their insureds.   Section 27-12-24 constitutes a state law which regulates the business of insurance.

56.     Plaintiff avers that Defendants MONY and DMSI has a duty and is obligated to pay Plaintiff's disability benefits as described in said policy.

57.     Defendants DMSI and MONY knew it did not have a reasonable basis to deny the claim. Defendant MONY and DMSI knew that the claim file contained medical information from qualified medical doctors confirming Plaintiff's disabling condition.

58.     Defendant MONY and DMSI failed to timely pay the Plaintiff's claim.

59.     Defendants DMSI and MONY unreasonably delayed the monthly payment and/or processing of the claim, even though as early as April 2014 and July 2014, Defendants possessed medical evidence to support Plaintiff's monthly disability insurance benefits.

60.     Defendants' delay in the claim process and withholding of benefits was unreasonable for the investigation of the medical opinions of Plaintiff's treating physicians. Defendants MONY and DMSI were conscious and/or knew or should have known that the eighteen (18) month delay from December 2013 to May 2015 in scheduling an IME exam and withholding monthly insurance payments during that time, would create an intolerable and/or dangerous condition for Plaintiff's financial condition and peace of mind.

61.     Defendant MONY and DMSI intentionally, consciously, knowingly, maliciously and repeatedly failed to determine whether it had a legitimate or arguable reason to refuse to pay said claim for policy benefits beyond the termination date. Defendant MONY and DMSI did not possess a legitimate or arguable reason to refuse to pay Plaintiff's disability insurance claim.

62.     As a proximate result of the aforementioned wrongful conduct of Defendant MONY and DMSI, Plaintiff has suffered damages under the terms of the insurance policies, incurred costs of court and other damages to be shown at the time of trial.  Moreover, Plaintiff has suffered anxiety, stress, worry, emotional distress, mental anguish and other damages.

63.     Defendants MONY and DMSI has acted towards Plaintiff with a conscious disregard of Plaintiff's rights, or with the intent to vex, injure, or annoy Plaintiff such as to constitute wantonness, recklessness, oppression, fraud or malice, thereby entitling Plaintiff to punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants DMSI and MONY, jointly and severally, in such sum as a jury may deem just and proper for compensatory and punitive damages, plus interest and cost of this proceeding.

## COUNT V
## NEGLIGENCE AND WANTONNESS

64.     Plaintiff adopts the allegations and averments of the foregoing paragraphs as if set forth fully herein.

65.     Defendants MONY and DMSI had a duty to pay the full value of Plaintiff's disability insurance proceeds.

66.     On or about July 3, 2014, Defendants MONY and DMSI were conscious that no legal "release" document was required to pay the Plaintiff's disability insurance claim.

67.     On or about July 3, 2014, Defendants MONY and DMSI were conscious that Plaintiff was not required to "forever discharge" the Defendants from any "liability" to pay Plaintiff's disability insurance claim.

68.     On December 11, 2014, Defendant was conscious that Plaintiff rejected a reduced

insurance benefit and refused to sign Defendants' "release" of Plaintiff's insurance claim. DMSI and MONY were conscious that Plaintiff had provided adequate medical records to approve his claim, but Defendants December 22, 2014 letter required Plaintiff to "**protect your coverage by continuing to pay all premiums on a timely basis.**" [emphasis in the letter].

69.     Defendant DMSI and MONY were conscious in April 2014 that Plaintiff had provided evidence of his disability and to receive his insurance benefits.

70.     Defendant DMSI and MONY were conscious in April 2014 that Plaintiff had made a payable insurance claim and would no longer have to pay premiums to MONY.

71.     Defendants DMSI and MONY breached the duties owed to Plaintiff and continued to collect Plaintiff's insurance premiums.

72.     Defendants DMSI and MONY breached the duties owed to Plaintiff and refused to pay the disability benefits owed after November 2013.

73.     Defendants DMSI and MONY breached the duties owed to Plaintiff and reduced the valuation of Plaintiff's insurance proceeds.

74.     Defendants MONY and DMSI knew or should have known that the reduced value identified on or about July 3, 2014 would create an intolerable and/or dangerous condition for Plaintiff's financial condition and peace of mind.

75.     Defendants MONY and DMSI knew or should have known that the continued delay and hardship on Plaintiff by refusing to pay the claim after the July 3, 2014 letter would create an intolerable and/or dangerous condition for Plaintiff's financial condition and peace of mind.

76.     Defendants MONY and DMSI were conscious and/or knew or should have known

that the eighteen (18) month delay from December 2013 to May 2015 in scheduling an IME exam and withholding monthly insurance payments during that time, would create an intolerable and/or dangerous condition for Plaintiff's financial condition and peace of mind.

77.    As a proximate consequence of the Defendants' said wantonness, the Plaintiff was caused to suffer damages, by losing his disability insurance benefits, suffering stress, anxiety, emotional distress and foregoing the procurement of disability insurance elsewhere.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants DMSI and MONY, jointly and severally, in such sum as a jury may deem just and proper for compensatory and punitive damages, plus interest and cost of this proceeding.

## COUNT VI
## TRESPASS TO PROPERTY

78.    Plaintiff adopts the allegations and averments of the foregoing paragraphs as if set forth fully herein.

79.    On or about July 3, 2104, Defendants DMSI and MONY acknowledged custody of a portion of insurance funds identified for payment to the Plaintiff in the amount of specifically identified funds of $33,600.00.  Said fund rightfully belonged to Plaintiff and did not require Plaintiff to sign any "release" of any Defendant.

80.    On or about July 3, 2014, Defendants DMSI and MONY exercised control and dominion over the $33,600.00 portion of the Plaintiff's insurance funds.

81.    The actions of the Defendants DMSI and MONY were reckless and/or oppressive.

82.    As a proximate consequence of the Defendants' said dominion, control and/or trespass to Plaintiff's insurance proceeds, the Plaintiff was caused to suffer damages, by losing his disability insurance benefits, suffering stress, anxiety, emotional distress and foregoing the procurement of

−12−

disability insurance elsewhere.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants DMSI and MONY, jointly and severally, in such sum as a jury may deem just and proper for compensatory and punitive damages, plus interest and cost of this proceeding.

### PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

__/s/ Jeff S. Daniel_____
Jeff S. Daniel (DAN034)
LAW OFFICE OF JEFF DANIEL, P.C.
Post Office Box 131323
Birmingham, Alabama 35213
Telephone:    (205) 531-1287
Facsimile:    (205) 327-5773

Attorney for the Plaintiff

Plaintiff's Address:

c/o Jeff S. Daniel
LAW OFFICE OF JEFF S. DANIEL, P.C.
Post Office Box 131323
Birmingham, Alabama 35213

Defendants' Addresses:

MONY LIFE INSURANCE COMPANY
c/o CT Corp System
2 N. Jackson St, # 605
Montgomery, AL 36104

DISABILITY MANAGEMENT SERVICES, INC.
1350 Main Street
Springfield, Massachusetts 01103

### PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL

DOCUMENT 3

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>58-CV-2015-900359.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF SHELBY COUNTY
### PATRICK OLIVER V. MONY LIFE INSURANCE COMPANY ET AL

NOTICE TO   MONY LIFE INSURANCE COMPANY, C/O CT CORP SYSTEM, AGENT 2 N. JACKSON ST., #605, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFF S DANIEL

WHOSE ADDRESS IS 2101 4TH AVENUE SOUTH, SUITE 200, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   PATRICK OLIVER
pursuant to the Alabama Rules of the Civil Procedure

Date   4/24/2015 11:51:20 AM    /s/ MARY HARRIS

Clerk/Register

POST OFFICE BOX 1810

112 NORTH MAIN STREET
COLUMBIANA, AL 35051

☑ Certified Mail is hereby requested    /s/ JEFF S DANIEL

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
(Date)

_____    _____    _____
Date                         Server's Signature            Address of Server

_____    _____    _____
Type of Server               Server's Printed Name

_____
Phone Number of Server

DOCUMENT 3

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>58-CV-2015-900359.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF SHELBY COUNTY
### PATRICK OLIVER V. MONY LIFE INSURANCE COMPANY ET AL

DISABILITY MANAGEMENT SERVICES, INC., 1350 MAIN STREET, SPRINGFILED, MA 01103

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFF S DANIEL _____

WHOSE ADDRESS IS 2101 4TH AVENUE SOUTH, SUITE 200, BIRMINGHAM, AL 35233 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    PATRICK OLIVER
   pursuant to the Alabama Rules of the Civil Procedure

Date   4/24/2015 11:51:20 AM      /s/ MARY HARRIS
                        Clerk/Register

                        POST OFFICE BOX 1810

                        112 NORTH MAIN STREET
                        COLUMBIANA, AL 35051

☑ Certified Mail is hereby requested    /s/ JEFF S DANIEL
                                 Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
                                                                (Date)

_____        _____        _____
Date                        Server's Signature              Address of Server

_____        _____        _____
Type of Server            Server's Printed Name

                                                _____
                                              Phone Number of Server

DOCUMENT 4

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>58-CV-2015-900359.00 |
|---|---|---|

IN THE CIRCUIT COURT OF SHELBY COUNTY

PATRICK OLIVER V. MONY LIFE INSURANCE COMPANY ET AL

**NOTICE TO** MONY LIFE INSURANCE COMPANY, C/O CT CORP SYSTEM, AGENT 2 N. JACKSON ST., #605, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION. TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFF S DANIEL

WHOSE ADDRESS IS 2101 4TH AVENUE SOUTH, SUITE 200, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of  **PATRICK OLIVER**

pursuant to the Alabama Rules of the Civil Procedure

Date  4/24/2015 11:51:20 AM   /s/ MARY HARRIS

4/28/15

Clerk/Register
POST OFFICE BOX 1810
112 NORTH MAIN STREET
COLUMBIA, AL 35051

☑ Certified Mail is hereby requested    /s/ JEFF S DANIEL

Plaintiff's/Attorney's Si

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and (

_____ in _____

Date _____    Server's Signature _____

Type of Server _____    Server's Printed Name _____

Phone Number of Server

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

CV-15-900359

Sent To  Mony Life Ins Co

Street & Apt. No., or PO Box No.
City, State, ZIP+4

PS Form 3800, July 2014    See Reverse for Instructions

7014 2120 0003 5855 8026

DOCUMENT 4

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>58-CV-2015-900359.00 |
|---|---|---|

IN THE CIRCUIT COURT OF SHELBY COUNTY
PATRICK OLIVER V. MONY LIFE INSURANCE COMPANY ET AL

NOTICE TO   DISABILITY MANAGEMENT SERVICES, INC., 1350 MAIN STREET, SPRINGFILED, MA 01103

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFF S DANIEL

WHOSE ADDRESS IS 2101 4TH AVENUE SOUTH, SUITE 200, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   PATRICK OLIVER
pursuant to the Alabama Rules of the Civil Procedure.

Date  4/24/2015 11:51:20 AM   /s/ MARY HARRIS

4/28/15

Clerk/Register
POST OFFICE BOX 1810
112 NORTH MAIN STREET
COLUMBIANA, AL 35051

☑ Certified Mail is hereby requested   /s/ JEFF S DANIEL
Plaintiff's/Attorney's Sig

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and C
_____ in _____

Date _____

Server's Signature _____

Type of Server _____

Server's Printed Name _____

Phone Number of Server _____

U.S. Postal Service
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Postage  $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees  $

Postmark
Here

DMS
CV-15-900359

Sent To  Disability Management Svc
Street & Apt. No.,
or PO Box No.
City, State, ZIP+4

7014 2120 0003 5585 2013

PS Form 3800, July 2014          See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery  5/9/15

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

DISABILITY MANAGEMENT SERVICES, INC.
1350 MAIN STREET
SPRINGFILED, MA 01103

CV-15-900357 D002

3. Service Type
   ☑ Certified Mail®    ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7014 2120 0003 8585 2019

PS Form 3811, July 2013          Domestic Return Receipt



# AlaFile E-Notice

58-CV-2015-900359.00

Judge: COREY B MOORE

To:  DANIEL JEFFREY STUART
     jsd10@bellsouth.net

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

PATRICK OLIVER V. MONY LIFE INSURANCE COMPANY ET AL
58-CV-2015-900359.00

The following matter was served on 5/29/2015

**D002 DISABILITY MANAGEMENT SERVICES, INC.**

CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
112 NORTH MAIN STREET
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov